GEORGE F. VOGT, JR. (State Bar #107310)
DAVID S. ALLARD (State Bar # 297762)
**HERRIG & VOGT, LLP**
4210 Douglas Boulevard, Suite 100
Granite Bay, CA 95746
Telephone:  (916) 960-1000
Facsimile:  (916) 960-1005
Email:  g.vogt@herrigvogt.com
 d.allard@herrigvogt.com

Attorneys for Plaintiff, AARON MOUNTS

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON MOUNTS, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF YUBA, and DOES 1 through 25 inclusive,<br><br>Defendants. | CASE NO. 2:16-CV-01544-JAM-GGH<br><br>FIRST AMENDED COMPLAINT FOR DAMAGES<br><br>1. Failure to Provide Medical Care in Violation of Fourth, Fifth, Eighth, & Fourteenth Amendment;<br>2. Failure to Protect from Harm in Violation of Fourteenth Amendment;<br>3. Medical Malpractice;<br>4. Failure to Furnish Prison Medical Care in Violation of Cal Government Code § 845.6;<br>5. Negligent Supervision, Training, Hiring, and Retention; and<br>6. **Intentional Infliction of Emotional Distress** |

Plaintiff AARON MOUNTS alleges as follows:

**JURISDICTION**

1. Plaintiff brings this civil rights action pursuant to 42 U.S.C. §§ 1983 and 1988, and for violations of California state law to redress the deprivation by Defendants, acting under the color of state law.

2. This Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. §§ 1331 and 1343.

3. This Court has supplemental jurisdiction over the state law claims asserted herein pursuant to 28 U.S.C. § 1367, because the claims form part of the same case or controversy arising under the United States Constitution and federal law.

## VENUE

4. Plaintiff's claim arose in the County of Yuba, California. Venue therefore lies in the Eastern District of California pursuant to 28 U.S.C. § 1391(b)(2).

### Compliance with State Tort Claims Statute

5. Plaintiff filed a governmental tort claim with Defendant County of Yuba on November 18, 2015. On January 7, 2016, the County of Yuba rejected the governmental tort claim. This action is being timely filed within six months of the rejection of the claim. Because Plaintiff has complied with the California Tort Claims Statute, Plaintiff is entitled to pendent jurisdiction for their state law claims made herein.

6. By correspondence dated March 15, 2016, Plaintiff notified Defendant County of Yuba of his intention to file suit against them based on their negligence in providing professional health care services, as required by Section 364 of the California Code of Civil Procedure.

## PARTIES

7. Plaintiff AARON MOUNTS ("Mounts" or "Plaintiff") is a 32 year old citizen of the United States and resident of the County of Yuba in the State of California. The cause of action in this matter is based upon Plaintiff Mounts' rights under the Fourteenth Amendment, and in violations of California state law.

8. Defendant County of Yuba ("Yuba County") is a public entity, duly organized and existing under the laws of the State of California. Under its authority, Defendant County of Yuba operates and manages the Yuba County Jail and is and was at all relevant times mentioned herein responsible for the actions and/or inactions and the policies, procedures, and practices/customs of the Yuba County Sheriff's Department and Yuba County Jail, and each entity's respective employees and/or agents. Yuba County Sheriff's Department operates the Yuba County Jail, and is and was responsible for ensuring the provision of emergency and medical health care to all Yuba County Jail inmates.

9. The true names of the identities of Defendants 1-25 are presently unknown to Plaintiff. Plaintiff alleges that each of the Defendants 1-25 were employed by the County of Yuba and/or Yuba County Sheriff's Department at the time of the conduct alleged herein. Plaintiff alleges that each of the

FIRST AMENDED COMPLAINT FOR DAMAGES

Defendants 1-25 were deliberately indifferent to AARON MOUNTS' medical needs and safety, failed to provide necessary medical care to him or take measures to prevent him from losing his left eye, violated his civil rights, and/or enabled or ordered other defendants to engage in such conduct. Plaintiff further alleges that Defendants 1-25 violated Plaintiff's Fourteenth Amendment rights and rights under California state law. Plaintiff further alleges that each of Defendants 1-25 were responsible for the hiring, screening, training, retention, supervision, discipline, counseling, and control of medical, mental health, and jail custody employees and/or agents involved in the conduct alleged herein.

10. Plaintiff is informed and believes and thereon alleges that at all times mentioned in this complaint, Defendants were the agents, employees, servants, joint venturers, partners, and/or co-conspirators of the Defendants named in this Complaint and that all times, each of the Defendants were acting within the scope and course of said relationship with Defendants.

11. Defendant Yuba County and Does 1-30 engaged in acts or omissions alleged herein under color of state law.

12. Plaintiff will seek to amend this Complaint as soon as the true names and identities of Defendant Does 1-25 have been ascertained.

## FACTUAL ALLEGATIONS

13. Plaintiff re-alleges and incorporates by reference paragraphs 1-14 as though fully set forth herein.

14. On July 10, 2015 Plaintiff was taken into custody by Deputy Watson for violation of parole. Plaintiff while in the custody and control of the Yuba County Sheriff's Department was brought to Rideout Memorial Hospital by Deputy Watson prior to being booked into the Yuba County Jail. Plaintiff had visible signs of injury. Plaintiff's left eye was completely swollen shut. At Rideout Memorial Hospital, Plaintiff was diagnosed with Eye Swelling/Eyelid Cellulitis/Periorbital Cellulitis in Children. Plaintiff was prescribed the antiobiotics, bactrim and keflex. These antibiotics were to be taken by Plaintiff twice and four times daily. Plaintiff was then cleared for booking after receiving medical care with notes that stated if the symptoms worsen or new symptoms develop return to the Emergency Department (ER) immediately.

15. Plaintiff was booked into custody at Yuba County Jail at approximately 7:00 p.m. on July 10, 2015. Plaintiff was placed in a holding cell and immediately began to make pleas for help concerning the pain and swelling in his left eye and over the next two days the pleas continued due to the severe pain he endured in his left eye. Plaintiff's pleas for help were ignored. The denial and delay of medical care to Plaintiff caused Plaintiff extreme physical and emotional pain suffering, and was the proximate cause of Plaintiff's injuries.

16. While still continuously in the care and custody of the Defendant and Does 1-25, on July 12, 2015 Plaintiff was taken from Yuba County Jail to UC Davis Medical where Plaintiff's left eye was amputated due to the delay and denial of care by Defendants and the improper care and treatment of Plaintiff's diagnosed left Eye Cellulitis/Periorbital Cellulitis. This amputation **could have been avoided and would not have happened** had Defendants fulfilled their duties as public safety agencies and followed policies and procedures that are standard in their fields and required by law.

17. Defendants are Yuba County, the Yuba County Jail, their health care providers, and their employees. Each defendant had multiple contacts with Plaintiff and had knowledge of his eye injury in the days preceding the amputation. Had Defendants followed standard protocol and training, they would have identified Plaintiff's swelling of his left eye and intervened to protect him. Because Defendants did not follow standard medical protocol and training, and because they failed to act reasonably as required by law, Plaintiff's left eye was amputated.

18. Plaintiff brings this action against Defendants for violations arising out of Defendant's deliberate indifference and negligence that caused the needless suffering, physical injury and the amputation of Plaintiff's left eye.

**CLAIMS FOR RELIEF**

**First Claim for Relief**

**Deliberate Indifference to Serious Medical Health Needs in Violation of the Fourth, Fifth, Eighth, & Fourteenth Amendment to the Constitution of the Unites States - Failure to Furnish Medical Care (42 U.S.C. § 1983)**

**(Against Defendant Yuba County and Does 1-25)**

19. Plaintiff re-alleges and incorporates by reference paragraphs 1-18 as though fully set forth herein.

20. Defendant Yuba County and Does 1-25 acted under the color of law to deprive Plaintiff of certain constitutionally protected rights, including, but not limited to:

    a. The right to prompt medical attention while incarcerated, as guaranteed by the Due Process Clause of the Fifth and Fourteenth Amendments to the Constitution;

    b. The right to be free from cruel and unusual punishment, and to be denied necessary medical care, as guaranteed, by the Eighth and Fourteenth Amendments to the United States Constitution.

21. Defendants failed to meet their constitutional obligation to provide adequate health care of incarcerated inmates. Defendant's failure to correct their policies, procedures, and practices, despite notice of significant and dangerous problems, evidences deliberate indifference in the provision of medical health treatment.

22. Defendants knew or should have known that there was a strong likelihood that Plaintiff Mounts' left eye posed a threat to his health. Nurse Katrina Smith voiced her concerns to Defendants saying that she is "extremely frustrated" that nurse Amber did not see Plaintiff Mounts when nurse Smith had expressed the urgency to her. Nurse Smith stated that she "could see how his [Plaintiff Mounts] cellulitis has worsened." Nurse Smith further added that Defendants "are lacking continuity of care, decent patient care and at the least this qualifies as patient neglect."

23. Defendants failed to provide necessary medical evaluation and treatment to Plaintiff Mounts while he was incarcerated at the Yuba County Jail, despite the obvious symptoms and medical documentation of his left eye at the time he was incarcerated.

24. Defendants' acts and/or omissions as alleged herein, including but not limited to their failure to provide Plaintiff Mounts with appropriate medical care, ignoring Nurse Smith's request that Plaintiff Mounts receive further medical attention, along with the acts and/or omissions of the Defendants in failing to train, supervise, and/or promulgate appropriate policies and procedures in order to identify Plaintiff Mounts' health risk and provide treatment, constituted deliberate indifference to Plaintiff

1  Mounts' serious medical needs, health, and safety.

2  25. As a direct and proximate result of Defendant's conduct, Plaintiff Mounts experienced physical pain, severe emotional distress, and mental anguish over a two day period, as well as lost his left eye and other damages alleged herein.

26. By reason of the afore-described acts and omissions of Defendants, Plaintiff Mounts was required to retain an attorney to institute and prosecute the within action and to render legal assistance to Plaintiff Mounts that he may vindicate the loss and impairment of his constitutional rights. By reason thereof Plaintiff Mounts requests payment by defendants of a reasonable sum of attorney's fees pursuant to 42 U.S.C. § 1988.

27. The aforementioned acts of Defendants were willful, wanton, malicious, and oppressive, thereby justifying an award to Plaintiff of exemplary and punitive damages to punish the wrongful conduct alleged herein and to deter such conduct in the future.

### Second Claim for Relief

### Failure to Protect from Harm in Violation of the Fourteenth Amendment to the Constitution of the United States (42 U.S.C. § 1983)

### (Against all Defendant Yuba County and Does 1-25)

28. Plaintiff re-alleges and incorporates by reference paragraphs 1-29 as though fully set forth herein.

29. Each Defendant could have taken action to prevent unnecessary harm to Plaintiff Mounts, but refused to do so. Defendants failed to have minimally necessary policies and procedures concerning the adequate identification and housing of Plaintiff, whom they knew or should have known to have a serious risk of harm to his left eye.

30. County Defendants failed to implement minimally sufficient policies and procedures to protect inmates from harm. County Defendants failed to appropriately train and supervise staff regarding identification and handling of detainees at risk of harm. With respect to Plaintiff Mounts, County Defendants failed to properly care and protect Plaintiff from the harm he suffered.

31. As a direct and proximate result of Defendant's conduct, Plaintiff Mounts experienced

physical pain, severe emotional distress, and mental anguish over a two day period, as well as lost his left eye and other damages alleged herein.

32. The aforementioned acts of Defendants were willful, wanton, malicious, and oppressive, thereby justifying an award to Plaintiff of exemplary and punitive damages to punish the wrongful conduct alleged herein and to deter such conduct in the future.

### Third Claim for Relief

**Professional Negligence / Medical Malpractice**

**(Against Defendant Yuba County, and Does 1-25)**

33. Plaintiff re-alleges and incorporates by reference paragraphs 1-33 as though fully set forth herein.

34. Defendants failed to comply with professional standards in the treatment of Plaintiff Mounts' left eye cellulitus by failing to appropriately assess and evaluate his left eye, failing to take appropriate and timely medical action, keeping Plaintiff in his cell and simply giving him an 800mg Ibuprofen and wet rag for the swelling.

35. Defendants also failed to appropriately supervise, review, and ensure the competence of medical staff's and custody staff's provision of treatment to Plaintiff, and failed to enact appropriate standards and procedures that would have prevented such harm to him.

36. As a direct and proximate cause of this negligence and failure to meet the professional standards of care, Plaintiff Mounts suffered injuries and damages as alleged herein.

37. The negligent conduct of Defendants was committed within the course and scope of their employment.

38. The aforementioned acts of Defendants were willful, wanton, malicious, and oppressive, thereby justifying an award to Plaintiff of exemplary and punitive damages to punish the wrongful conduct alleged herein and to deter such conduct in the future.

### Fourth Claim for Relief

**Failure to Furnish / Summon Medical Care (Cal Govt. Code § 845.6)**

**(Against Defendant Yuba County and Does 1-25)**

39. Plaintiff re-alleges and incorporates by reference paragraphs 1-38 as though fully set forth herein.

40. Defendants owed Plaintiff Mounts a duty of care to provide him immediate medical care.

41. The conduct of Defendants and DOES 1-25, as described herein violated California Civil Code § 52.1, in that they interfered with Plaintiff's exercise and enjoyment of his civil rights as enumerated above, through failure to provide prompt and adequate medical attention and deliberate indifference to Plaintiff's medical needs, as well as the conduct constituting cruel and unusual punishment upon Plaintiff.

42. The conduct of the Defendants alleged herein, including but not limited to the facts that Defendants knew or had reason to know that AARON MOUNTS was in need of immediate medical care and Defendants failed to take reasonable action to summon or provide that care, resulting in the amputation of AARON MOUNTS' left eye as alleged herein, violated California state law, including, but not limited to Cal. Govt. §§ 844.6 and 845.6.

43. Defendants also failed to timely and appropriately respond to AARON MOUNTS constant pleas for help and attention, in which he requested that he needed medical attention on numerous occasions before finally the swelling had gotten to the point that that Aaron Mount's left eye could not be saved.

44. The alleged conduct of Defendants was committed within the course and scope of their employment.

45. As a direct and proximate result of Defendant's breach, AARON MOUNTS suffered injuries and damages causing great pain and leading to the amputation of his left eye, as alleged herein.

46. The aforementioned acts of Defendants were willful, wanton, malicious, and oppressive, thereby justifying an award to Plaintiff of exemplary and punitive damages to punish the wrongful conduct alleged herein and to deter such conduct in the future.

### Fifth Claim for Relief

**Negligent Supervision, Training, and Retention**

**(Against all Defendant Yuba County and Does 1-25)**

47. Plaintiff re-alleges and incorporates by reference paragraphs 1-45 as though fully set forth herein.

48. Defendants had a duty to hire, supervise, train, and retain employees and/or agents so that employees and/or agents refrain from the conduct and/or omissions alleged herein.

49. Defendants breached this duty, causing the conduct alleged herein. Such breach constituted negligent hiring, supervision, training, and retention under the laws of the State of California.

50. As a direct and proximate result of Defendant's breach, AARON MOUNTS suffered injuries and damages causing great pain and leading to the amputation of his left eye, as alleged herein.

### Sixth Claim for Relief

### Intentional Infliction of Emotional Distress

### (Against Defendant Yuba County and Does 1-25)

51. Plaintiff re-alleges and incorporates by reference paragraphs 1-51 as though fully set forth herein.

52. The conduct of Defendants and Does 1-25, as set forth herein above, was extreme and outrageous and beyond the scope of conduct which should be tolerated by citizens in our community. Defendants when hearing the crying pleas for help of Plaintiff simply gave him an ibuprofen and wet rag to dull the pain.

53. As a proximate result of Defendants' willful and intentional conduct, Plaintiff suffered severe and extreme emotional distress.

54. The aforementioned acts of Defendants were willful, wanton, malicious, and oppressive, thereby justifying an award to Plaintiff of exemplary and punitive damages to punish the wrongful conduct alleged herein and to deter such conduct in the future.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following:

1. For compensatory, general and special damages against Defendant, jointly and severally, in an amount to be proven at trial;

2. General damages, including damages for physical and emotional pain, emotional distress,

hardship, suffering shock, worry, anxiety, sleeplessness, illness and trauma and suffering as well as the loss of financial support and contributions, loss of the present value of future services and contributions, and loss of economic security;

3. Prejudgment interest;

4. For punitive and exemplary damages against each individually named Defendant in an amount appropriate to punish Defendant(s) and deter others from engaging in similar misconduct;

5. For costs of suit and reasonable attorney's fees and costs pursuant to 42 USC § 1988, and as otherwise authorized by statute or law;

6. For restitution as the Court deems just and proper;

7. For such other relief, including injunctive and/or declaratory relief, as the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury in this action.

Dated: October 4, 2016                **HERRIG & VOGT, LLP**

By: _____
GEORGE F. VOGT, JR.
DAVID ALLARD
Attorneys for PLAINTIFF AARON MOUNTS